United States Court of Appeals

Fifth Circuit

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40522
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON ESTRADA-VILLALOBOS, also known as Samuel Arebalos-Herrera,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-1012-1
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:*

Ramon Estrada-Villalobos (Estrada) appeals the sentence imposed following his plea of guilty to being in the United States illegally after deportation. Estrada's sentence was increased due to a prior conviction for the Florida felony of aggravated battery.

Estrada contends that his Florida conviction was not a crime of violence (COV) under the Sentencing Guidelines because the conviction could have resulted from mere contact with a weapon, without harm or the use of force. A "conviction for aggravated

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

battery under [this] specific subsection of Florida law qualifies as a COV because it has as an element at least a threatened use of force" because touching with a weapon constitutes "either actual or threatened use of physical force." United States v. Dominguez, 479 F.3d 345, 349 (5th Cir. 2007).

Estrada also challenges, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), the constitutionality of 8 U.S.C. § 1326(b)'s treatment of felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Estrada's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Estrada properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The Government's motion to supplement the record is DENIED.

AFFIRMED.